**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 07-23077-CIV-UNGARO/SIMONTON**

**FALCON FARMS, INC.,**

     **Plaintiff,**

**v.**

**R. D. P. FLORAL, INC.,**

     **Defendant.**

_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS FOR**
**DEFENDANT'S FAILURE TO APPEAR FOR DEPOSITIONS**

     Presently pending before the Court is Plaintiff Falcon Farms, Inc. (hereafter

Falcon Farms), Motion For Sanctions For Defendant's Failure To Appear For Depositions

(DE # 56).  This motion is referred to the undersigned Magistrate Judge (DE # 57).  The

motion is fully briefed (DE ## 59, 61).  For the reasons stated below, Falcon Farms'

motion is granted in part.

     I.  **Background**

     Falcon Farms is proceeding under a three-count Amended Complaint, in which

Falcon Farms alleges that it is a business which grows and sells fresh flowers, and that

Defendant R.D.P. Floral, Inc. (hereafter R.D.P. Floral), operates a wholesale floral

distribution center.  Falcon Farms further alleges that between April 19, 2004 and May 23,

2005, R.D.P. Floral placed orders with Falcon Farms for fresh flowers, Falcon Farms

accepted the orders and delivered the flowers, and R.D.P. Floral accepted delivery of the

shipments and refused to pay for them, in the amount of $183,784.47.  The Amended

Complaint alleges open account (Count I), account stated (Count II) and goods sold and

delivered (Count III), and Falcon Farms seeks $183,784.47 in damages, $88,303.28 in

interest through November 19, 2007, and attorney's fees, pursuant to the terms of the invoices (DE # 19).

R.D.P. Floral has filed an Amended Counterclaim in which it states that Falcon Farms knew that R.D.P. Floral intended to distribute the flowers shipped from Falcon Farms to retailers and wholesalers in California, and that the flowers which Falcon Farms delivered to it were in less than satisfactory condition and were not fit for resale to retailers and wholesalers.  R.D.P. Floral stated that it notified Falcon Farms of these defects on various occasions.  R.D.P. Floral further alleges that Falcon Farms breached its implied warranty of fitness by shipping defective flowers.  R.D.P. Floral seeks damages of more than $75,000.00 for foreseeable loss of business, plus court costs and interest (DE ## 13, 25).

The District Court has set the discovery deadline in this case for July 11, 2008, and the deadline for filing all motions other than motions in limine is August 15, 2008. The pretrial conference is set for September 19, 2008, there is a calendar call on October 8, 2008, and trial is set for the two week period beginning October 13, 2008 (DE # 15).

II. <u>The Instant Motion</u>

Falcon Farms requests Fed.R.Civ.P. 37(d) monetary sanctions and a further sanction, either dismissing R.D.P. Floral's Counterclaim or entering a default against R.D.P. Floral on Falcon Farms' claims, for the deponents' failure to appear for deposition (DE # 56 at 3-4, paras 9-15).

In support thereof, Falcon Farms states that on June 17, 2008, Falcon Farms' counsel contacted R.D.P. Floral's counsel by telephone and requested deposition dates before the close of discovery on July 11, 2008 for Juan Pablo Ramirez, Diego Ramirez, and Paul Serani, whom R.D.P. Floral identified in its answers to interrogatories as the

2

only individuals having knowledge of the facts of the case.  On June 18, 2008, Falcon

Farms' counsel sent an email to R.D.P. Floral's counsel confirming the previous day's

conversation and reiterating the importance of conducting the depositions before the

discovery deadline (Ex. A to DE # 56).  On June 24, 2008, Falcon Farms' counsel had not

received a response from R.D.P. Floral's counsel and sent another email to R.D.P.

Floral's counsel requesting deposition dates, reiterating the importance of conducting

the depositions before the discovery deadline, and stating that Falcon Farms would have

to unilaterally schedule the depositions if R.D.P. Floral's counsel did not reply by June

25, 2008 (Ex. B to DE # 56).  On June 25, 2008, R.D.P. Floral's counsel emailed Falcon

Farms' counsel stating that Juan Pablo Ramirez would appear for deposition in Miami on

July 18, 2008 in conjunction with the scheduled mediation, Diego Ramirez was no longer

associated with R.D.P. Floral, and that Paul Serani would have to be deposed in Los

Angeles, California (Ex. C to DE # 56).  Falcon Farms' counsel responded on the same

day stating that 1) Juan Pablo Ramirez had to be deposed before the discovery deadline;

2) Paul Serani had to appear in Miami for his deposition because he was an employee of

R.D.P. Floral and R.D.P. Floral had filed a counterclaim; and 3) R.D.P. Floral should

provide contact information for Diego Ramirez (Ex. D to DE # 56).  R.D.P. Floral's counsel

did not respond to this communication.

On June 26, 2008, Falcon Farms served on R.D.P. Floral deposition notices,

pursuant to Rule 30(b)(6), for Juan Pablo Ramirez (July 9, 2008), Diego Ramirez (July 9,

2008) and Paul Serani (July 10, 2008) (Ex. E to DE # 56).  Falcon Farms' counsel also sent

a letter attached to the notices of deposition stating that Falcon Farms would not object

to rescheduling the depositions if the Court granted Falcon Farms an extension of the

discovery deadline (Ex. F to DE # 56).  On July 7, 2008, R.D.P. Floral's counsel sent an

email to Falcon Farms' counsel stating that the deponents would not attend the scheduled depositions (Ex. G to DE # 56). Also on July 7, 2008, R.D.P. Floral's counsel telephonically notified Falcon Farms' counsel that R.D.P. Floral's counsel's heavy case load and the distance that the deponents would have to travel made it impossible for the depositions to go forward (DE # 56 at 3, para. 7). On July 9, 2008 and July 10, 2008, the deponents failed to appear for their noticed depositions (Ex. H to DE # 56). Falcon Farms notes that R.D.P. Floral never filed a motion for protective order or provided alternative dates within the discovery period for the depositions and contends that the reasons provided by R.D.P. Floral's counsel do not qualify as substantial justification for the deponents' failure to appear for their depositions (DE # 56 at 4, paras. 12, 13).

R.D.P. Floral responds in opposition that 1) Falcon Farms had had notice of the names of these deponents since March 27, 2008, and had not attempted to schedule their depositions until June 11, 2008; 2) Diego Ramirez no longer works for R.D.P. Floral and Paul Serani only works for R.D.P. Floral one day a week; 3) that since Falcon Farms noticed the deponents by name and not as corporate representatives, the Court lacks the jurisdiction to order them to appear in Florida for deposition; and 4) R.D.P. Floral has done its best to accommodate Falcon Farms' requests and that R.D.P. Floral is not acting in bad faith in an attempt to delay the proceedings (DE # 59 at 2, paras. 10-12).

Specifically, R.D.P. Floral states that on March 27, 2008 and also on May 30, 2008, in its answers to interrogatories, R.D.P. Floral provided Falcon Farms with the names of Juan Pablo Ramirez, Diego Ramirez, and Paul Serani as individuals with knowledge of the facts of this case (DE # 59 at 1, paras. 1, 5). R.D.P. Floral further states that the deposition of Juan Pablo Ramirez was supposed to occur on May 23, 2008, in conjunction with the mediation scheduled for that date, but when the mediation was

4

cancelled due to illness in the mediator's family, the deposition of Juan Pablo Ramirez was also canceled (DE # 59 at 1, paras. 2, 3).

R.D.P. Floral then asserts that on June 17, 2008, Falcon Farms' counsel contacted R.D.P. Floral's counsel and stated:  1) he would like to take the depositions of Juan Pablo Ramirez, Diego Ramirez, and Paul Serani; 2) since the discovery deadline was approaching, a joint motion to extend the discovery deadline would be necessary; and 3) if necessary, he was willing to fly to California to take the necessary depositions (DE # 59 at 1-2, para. 6).  R.D.P. Floral then asserts that on June 24, 2008, Falcon Farms' counsel demanded that Juan Pablo Ramirez, Diego Ramirez, and Paul Serani appear in Miami for deposition before July 11, 2008.  R.D.P. Floral's counsel stated that no depositions could be taken before July 11, 2008 because there would be no lawyer present at R.D.P. Floral's counsel's office from June 27, 2008 through July 7, 2008 due to vacation (DE # 59 at 2, paras. 7-8).  On June 25, 2008, Falcon Farms' counsel stated that the depositions would be set unilaterally by July 11, 2008 if R.D.P. Floral could not provide dates for the depositions.  R.D.P. Floral's counsel responded that it was impossible to schedule the depositions on such short notice because of 1) the distance the deponents would have to travel; 2) R.D.P. Floral's counsel unavailability until July 8, 2008; and 3) R.D.P. Floral's counsel's calendar had been scheduled for some time in advance (DE # 59 at 2, para. 9).

In reply, Falcon Farms asserts that R.D.P. Floral was timely notified on more than one occasion that Falcon Farms sought to take, prior to the discovery deadline, the depositions of R.D.P. Floral's self-identified corporate representatives, and that R.D.P. Floral should not be rewarded for its efforts to frustrate the discovery process (DE # 61 at 4, para. 11).  Specifically, Falcon Farms states that its agreement to reschedule the

5

deposition of Juan Pablo Ramirez after the cancellation of the May 23, 2008 deposition at the last minute did not waive its right to depose Juan Pablo Ramirez (DE # 61 at 1-2, para. 3).  Falcon Farms also asserts that it notified R.D.P. Floral of Falcon Farms' desire to take the depositions at issue less than three weeks after R.D.P. Floral provided its amended answers to interrogatories on May 30, 2008, and that while Falcon Farms made R.D.P. Floral aware of the necessity to take these depositions before the July 11, 2008 discovery cutoff, R.D.P. Floral never provided dates for depositions before the discovery cutoff (DE # 61 at 2, para. 4, 5).[1]  Falcon Farms notes that the unavailability of any attorney in R.D.P. Floral's counsel's office from June 27, 2008 through July 7, 2008, does not excuse R.D.P. Floral's failure to provide deposition dates for July 8, 2008 through July 11, 2008 (DE # 61 at 2-3, para. 6).  Falcon Farms also states that R.D.P. Floral never filed a motion for protective order concerning the dates of the depositions, or regarding Falcon Farms' position that the deponents had to appear for deposition in Miami (DE # 61 at 3, para. 7).  Falcon Farms contends that R.D.P. Floral is raising a new issue in its response, that this Court has no jurisdiction to compel individuals living in California to appear in Miami for deposition, and that 1) R.D.P. Floral waived this issue by not raising it in a motion for protective order; and, 2) in any case, R.D.P. Floral was aware that these depositions were noticed under Rule 30(b)(6) in the deponents' capacities as the corporate representatives with the most knowledge of the transactions at issue (DE # 61 at 3, paras. 8, 9).  Falcon Farms notes that on May 12, 2008, it noticed R.D.P. Floral under Rule 30(b)(6) for a May 23, 2008 deposition of the corporate representative with the most

[1] Falcon Farms' counsel also states that on June 17, 2008, he told R.D.P. Floral's counsel on the telephone that he would take the depositions at issue in California if the law required it (DE # 61 at 2-3, para. 6).

6

knowledge of the claims and allegations asserted in this matter, but that R.D.P. Floral never produced a corporate representative, but instead provided answers to interrogatories on May 30, 2008 which identified Juan Pablo Ramirez, Diego Ramirez, and Paul Serani as the individuals having knowledge of the facts underlying this case (DE # 61 at 4, para. 10; Ex. A to DE # 61).

III. <u>Analysis</u>

The undersigned grants Falcon Farms' motion in part.  The undersigned finds that R.D.P. Floral should be sanctioned for not having its employees appear for the noticed depositions, and for not providing deposition dates for its employees before the discovery deadline.  Falcon Farms is awarded monetary sanctions against R.D.P. Floral pursuant to Fed.R.Civ.P. 37(d)(3) for the reasonable expenses, including attorney's fees, caused by the failure of the deponents to appear for deposition.[2]  Falcon Farms' request for sanctions against counsel for R.D.P. Floral is denied without prejudice.  The undersigned is not convinced, particularly in view of the Motion to Withdraw filed by counsel, that counsel has sufficient culpability to warrant sanctions.

In addition, Falcon Farms' request for a further sanction either dismissing R.D.P. Floral's Counterclaim or entering a default against R.D.P. Floral on Falcon Farms' claims is denied without prejudice.  At this point, it is not clear that the prejudice suffered by Falcon Farms cannot be cured by conducting late depositions, and the Court is mindful that the drastic remedies of dismissal and entry of default judgment are to be used only as a last resort.  Therefore, on or before August 15, 2008, R.D.P. Floral must produce

---

[2] Rule 37(d)(1)(A) allows the Court to order sanctions if a party or a party's officer, director or managing agent, or a person designated under Rule (30)(b)(6) fails, after being served with proper notice, to appear for that person's deposition.

7

Juan Pablo Ramirez and Paul Serani for deposition in Miami, Florida, as corporate representatives, at a date and time set by counsel for Falcon Farms. If R.D.P. Floral fails to produce either Juan Pablo Ramirez and/or Paul Serani for deposition, Falcon Farms may make a further motion for sanctions, which will be ruled upon expeditiously. Also, on or before August 4, 2008, R.D.P. Floral must provide their most recent contact information for Diego Ramirez. If R.D.P. Floral fails to timely provide their most recent contact information for Diego Ramirez, Falcon Farms may make a further motion for sanctions, which will be ruled upon expeditiously.

The undersigned finds that Falcon Farms properly unilaterally noticed Juan Pablo Ramirez, Diego Ramirez and Paul Serani for deposition in Miami, Florida, on July 9 and 10, 2008, pursuant to Rule 30(b)(6), as the corporate representatives with the most knowledge of the transactions at issue, because R.D.P. Floral would not provide deposition dates that fell within the discovery period, which ended on July 11, 2008. The undersigned also finds that R.D.P. Floral should have provided Falcon Farms' counsel with the most recent contact information when R.D.P. Floral asserted for the first time on June 25, 2008 that Diego Ramirez was no longer an employee of R.D.P. Floral. The undersigned finds that R.D.P. Floral's offer to have Juan Pablo Ramirez appear for deposition in Miami on July 18, 2008 in conjunction with the mediation, was inadequate, insofar as the discovery period expired on July 11, 2008.[3]

The July 7, 2008, email from R.D.P. Floral's counsel to Falcon Farms' counsel stating that the deponents would not attend the scheduled depositions and R.D.P.

---

[3] In any event, Juan Pablo Ramirez did not attend the mediation in person in Miami on July 18, 2008, but appeared by telephone, which is the subject of Falcon Farms' second motion for sanctions (DE # 62).

Floral's counsel's telephonic notification to Falcon Farms' counsel that R.D.P. Floral's counsel's heavy case load and the distance that the deponents would have to travel made it impossible for the depositions to go forward do not provide substantial justification for the deponents' failure  to appear for deposition.[4]  The undersigned notes that R.D.P. Floral never filed a motion for protective order regarding the depositions which stated these reasons or provided alternative dates within the discovery period for the depositions to go forward.[5]

The undersigned rejects R.D.P. Floral's argument that since Falcon Farms noticed the deponents by name and not as corporate representatives, the Court lacks the jurisdiction to order them to appear in Florida for deposition.  Initially, R.D.P. Floral never raised this argument in a motion for protective order, and so has waived it.  *Cf. Precisionflow Tech., Inc. v. CVD Equipment Corp.*, 140 F.Supp.2d 195, 199-200 (N.D.N.Y. 2001) (Court imposed Rule 37(d) sanctions where counsel's objections to the sufficiency of deposition notices were raised for the first time on the date of the depositions).  Secondly, a review of the deposition notices shows that the deponents were noticed as corporate representatives, pursuant to Rule 30(b)(6).  Therefore, R.D.P. Floral's reliance on *Canon Latin America, Inc. v. Lantech (CR), S.A.*, 2008 WL 594436, Case No. 05-20297-CIV-/BROWN AT *2 (S.D. Fla. Mar. 4, 2008), in which the Court refused to compel the deposition of an individual who was noticed as an individual and lived in Costa Rica (DE

---

[4] Rule 37(d)(3) provides that "the Court must require the party failing to act, the attorney advising that party or both, to pay the reasonable expenses, including attorney's fees caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

[5] Rule 37(d)(2) states that a failure to appear for deposition as described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable unless the party failing to acts has a pending motion for protective order.

# 59 at 2, para. 11), is misplaced.  Here, the deponents were noticed as corporate representatives of Defendant R.D.P. Floral, and not as individuals.  Thus, because the deponents were noticed as representatives of R.D.P. Floral, pursuant to Rule 30(b)(6); because there was no objection to this designation; and, because R.D.P. Floral has chosen to file a counterclaim in this Court, this Court has jurisdiction to order R.D.P. Floral to produce the deponents for deposition in Miami.

The undersigned also finds that Falcon Farms did not unreasonably delay in attempting to notice the deponents for deposition beginning on June 11, 2008.  On May 12, 2008, Falcon Farms noticed R.D.P. Floral under Rule 30(b)(6) for a May 23, 2008 deposition of the corporate representative with the most knowledge of the claims and allegations asserted in this matter, and R.D.P. Floral never produced a corporate representative for deposition.  Apparently, the deposition of Juan Pablo Ramirez was supposed to occur on May 23, 2008, in conjunction with the mediation scheduled for that date, but when the mediation was cancelled due to illness in the mediator's family, the scheduled deposition of Juan Pablo Ramirez was also canceled.  Subsequently, on May 30, 2008, in its supplemental answers to interrogatories, R.D.P. Floral identified Juan Pablo Ramirez, Diego Ramirez, and Paul Serani as the individuals having knowledge of the facts underlying this case.  Thus, after May 30, 2008, R.D.P. Floral had a duty to cooperate with Falcon Farms to set depositions for these employees and/or officers of R.D.P. Floral before the expiration of the discovery period.

Moreover, when R.D.P. Floral informed Falcon Farms that Diego Ramirez no longer worked for R.D.P. Floral, R.D.P. Floral should have provided Falcon Farms with its most current contact information for Diego Ramirez.  There is no evidence in the record that R.D.P. Floral has ever provided this information to Falcon Farms.

10

The record does not support R.D.P. Floral's contention that it has done its best to accommodate Falcon Farms' requests for deposition dates.[6]  R.D.P. Floral further states that it could not set deposition dates for the deponents prior to the discovery cutoff because there would be no lawyer present at R.D.P. Floral's counsel's office from June 27, 2008 through July 7, 2008 due to vacation.  The undersigned notes that R.D.P. Floral's counsel never filed with the Court a notice of unavailability for the period from Friday, June 27, 2008 through Monday, July 7, 2008.  In any event, the unavailability of counsel for this period did not foreclose depositions on July 9, 2009 and July 10, 2008, when R.D.P. Floral's counsel was available.

Therefore, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion For Sanctions For Defendant's Failure To Appear For Depositions (DE # 56), is **GRANTED in part**, as follows:

1. Falcon Farms is awarded monetary sanctions against R.D.P. Floral pursuant to Fed.R.Civ.P. 37(d)(3) for the reasonable expenses, including attorney's fees, caused by the failure of the deponents to appear for deposition.  On or before August 7, 2008, the parties shall consult to attempt to agree on the amount of the monetary award.  If the parties cannot agree, on or before August 11, 2008, Falcon Farms shall file a motion to establish the amount of the award.  The request for sanctions against R.D.P.'s counsel is denied without prejudice.

2.  On or before August 15, 2008, R.D.P. Floral must produce Juan Pablo Ramirez

---

[6] The undersigned will not pass upon the issue of whether R.D.P. Floral acted in bad faith.

11

and Paul Serani for deposition in Miami, Florida, as corporate representatives, at a date and time set by counsel for Falcon Farms.  If R.D.P. Floral fails to produce either Juan Pablo Ramirez and/or Paul Serani in Miami for deposition, Falcon Farms may make a further motion for sanctions, which will be ruled upon expeditiously.

3.  On or before August 4, 2008, R.D.P. Floral must provide their most recent contact information for Diego Ramirez, and the deadline for discovery is extended for the purpose of taking his deposition.  If R.D.P. Floral fails to timely provide their most recent contact information for Diego Ramirez, Falcon Farms may make a further motion for sanctions, which will be ruled upon expeditiously.

4.  Falcon Farms' request for a further sanction either dismissing R.D.P. Floral's Counterclaim or entering a default against R.D.P. Floral on Falcon Farms' claims is **DENIED without prejudice to renew**.

**DONE AND ORDERED** in chambers in Miami, Florida on July 31, 2008.

*Andrea M. Simonton*
_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Ursula Ungaro
         United States District Judge
All counsel of record