UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-23077-CIV-UNGARO/SIMONTON

**FALCON FARMS, INC.,**

    Plaintiff,

v.

**R. D. P. FLORAL, INC.,**

    Defendant.

_____/

### ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS FOR DEFENDANT'S FAILURE TO PERSONALLY APPEAR AT MEDIATION

Presently pending before the Court is Falcon Farms' Motion For Sanctions For Defendant's Failure To Personally Appear At Mediation (DE # 62). This motion is referred to the undersigned Magistrate Judge (DE # 63). The motion is fully briefed (DE ## 64, 65, 69).

    I. **The Instant Motion**

Falcon Farms requests sanctions for Defendant R.D.P. Floral's failure to have a representative with settlement authority personally appear at the July 18, 2008 mediation. Specifically, Falcon Farms seeks Fed.R.Civ.P. 37(b) monetary sanctions and asks the Court to enter an Order dismissing R.D.P. Floral's counterclaim and entering a default against R.D.P. Floral in the case (DE # 62 at 3, 9). Falcon Farms asserts that R.D.P. Floral's counsel appeared at the mediation and stated that Juan Pablo Ramirez, R.D.P. Floral's representative with settlement authority, would be appearing by telephone. Falcon Farms states that it immediately objected to the non-appearance, proceeded to attempt mediation without waiving objection, and that the mediation was brief and unsuccessful. Falcon Farms further claims that R.D.P. Floral's counsel never

contacted Falcon Farms' counsel before the mediation or gave any indication that R.D.P. Floral would not have a representative with settlement authority personally attending the mediation, and also that R.D.P. Floral did not obtain leave from this Court to be excused from having a representative with settlement authority personally appear at the mediation, as required by Local Rule 16.2 E (DE # 62).

R.D.P. Floral responds in opposition that late on Tuesday, July 15, 2008, Juan Pablo Ramirez, the owner of R.D.P. Floral, faxed to R.D.P. Floral's counsel a letter dated July 15, 2008, which stated that due to a medical condition he would be unable to travel from California to Miami, Florida for the mediation. R.D.P. Floral's counsel states that the letter was written by Dr. Pablo Nankin, a Board Certified surgeon in Los Angeles, California, and indicated that Juan Pablo Ramirez should not travel until he received a final diagnosis for an abdominal bleeding condition. R.D.P. Floral's counsel asserts that on Wednesday, July 16, 2008, he faxed this letter to Falcon Farms' counsel. Due to this medical condition, Juan Pablo Ramirez did not personally appear at the Friday, July 18, 2008 mediation, but was available by telephone during the entire mediation. R.D.P. Floral's counsel concedes that he should have notified the Court of Juan Pablo Ramirez's inability to attend mediation, but that he did not do so due to the short notice (DE # 64).

Falcon Farms replies that R.D.P. Floral's response does not indicate when the medical issues in question arose, and also does not provide any explanation as to why R.D.P. Floral did not notify the Court and/or Falcon Farms of Juan Pablo Ramirez's condition well in advance of the mediation. Falcon Farms notes that Juan Pablo Ramirez is one of the two principals of R.D.P. Floral and that R.D.P. Floral does not state why it did not send another representative to attend the mediation. Falcon Farms also states

that the letter from Dr. Nankin is vague and unsworn, and that credit card records obtained in discovery indicate that Dr. Nankin authorized payments on his personal credit card to Falcon Farms on behalf on R.D.P. Floral in the amount of approximately $68,000.00, and that additional persons named Nankin used their personal credit cards to make payments of approximately $131,000 to Falcon Farms on behalf of R.D.P. Floral. Falcon Farms posits that Dr. Nankin's potential interest in this case and his relationship to R.D.P. Floral may have affected his medical opinion concerning Juan Pablo Ramirez's ability to travel to the mediation (DE # 65).

On July 31, 2008, the undersigned ordered R.D.P. Floral to file with the Court, by August 6, 2008, an affidavit concerning the medical condition of Juan Pablo Ramirez which included:  1) the name of the physician treating Juan Pablo Ramirez for this condition; 2) the details of his medical condition; 3) the date of the onset of this condition; 4) what doctors he consulted about this condition and when he consulted them.  R.D.P. Floral was also ordered to attach to the affidavit any and all supporting documentation from Juan Pablo Ramirez's treating physician as well as a copy of the July 15, 2008 letter from Dr. Pablo Nankin (DE # 66).[1]

On August 6, 2008, R.D.P. Floral provided to the undersigned a copy of an August 5, 2008 affidavit of Juan Pablo Ramirez which stated that 1) Pablo Nankin, M.D. was treating him for upper abdominal pain, 2) his symptoms were stomach pain, nausea, epigastric pain, a tender abdomen and a positive guaiac test; 3) the onset of his

---

[1] While the undersigned ordered R.D.P. Floral to file the affidavit and suggested that the affidavit and supporting documents could be filed under seal to protect the medical privacy interests of Juan Pablo Ramirez (DE # 66), R.D.P. Floral did not file the affidavit and supporting documents with the Court even though R.D.P. Floral did provide a  courtesy copy to the chambers of the undersigned Magistrate Judge as ordered.

condition was "beginning June - mid-July"; and 4) he consulted Dr. Mario Rosenberg in mid-June 2008 and also Dr. Pablo Nankin in mid-June 2008.  R.D.P. Floral also included an email from Dr. Nankin which stated that he was in vacation in London and did not have access to Ramirez's medical records.  Dr. Nankin did state that 1) he was treating Ramirez; 2) Ramirez was complaining of nausea, epigastric pain, a tender abdomen and a positive guaiac test; 3) he believed the onset of the condition was 2 to 4 days before Ramirez had a planned trip out of California; 4) he saw Ramirez every other day for one week until all symptoms disappeared, and Ramirez took 15 mg of Prevacid for 14 days; and 5) because the symptoms disappeared, Dr. Nankin did not perform a gastroscopy. R.D.P. Floral also attached a copy of the July 15, 2008 letter from Dr. Nankin which stated that 1) Ramirez was seen in consultation complaining of upper abdominal pain and a positive occult blood test; 2) Ramirez is being referred to a gastroenterologist for further evaluation; and 3) there is a possibility of a bleeding ulcer and Ramirez should not be traveling until a final diagnosis is made.

II. Falcon Farms' Motion For Sanctions Is Granted In Part

Falcon Farms' motion for sanctions is granted in part.  Falcon Farms is awarded monetary sanctions against R.D.P. Floral, pursuant to Fed.R.Civ.P. 37(d)(3) and Local Rule 16.2 E., for the reasonable expenses, including attorney's fees and the cost of mediation, caused by the failure of R.D.P. Floral to have a representative with settlement authority personally appear at the July 18, 2008 mediation.  Falcon Farms' request for a further sanction either dismissing R.D.P. Floral's Counterclaim or entering a default against R.D.P. Floral on Falcon Farms' claims is denied.

This Court's order of referral to mediation states that the appearance at mediation of a party or representative of a party with full authority to settle is mandatory

(DE # 14 at 1, para. 4), and that the Court may impose sanctions against a party who does not comply with the attendance requirements (DE # 14 at 2, para. 7).  The Court's Order tracks Local Rule 16.2 E., which requires that unless excluded by the presiding Judge in writing, all parties shall be present at the mediation conference with full authority to negotiate a settlement, and that failure to comply with the attendance requirements may subject a party to sanctions by the Court.  Fed.R.Civ.P. 16(f)(1)(C) permits a court to issue any just order, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party fails to obey a pretrial order, such as this Court's mediation order.  Rule 16(f)(2) states: "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney or both to pay the reasonable expenses-including attorney's fees-incurred because of any noncompliance with this rule, unless the noncompliance was substantially unjustified or other circumstances make an award of expenses unjust."

R.D.P. Floral did not have a corporate representative personally appear at the mediation.  R.D.P. Floral did not obtain the Court's approval in writing for the failure to have a corporate representative personally appear at the mediation.  Late on July 15, 2008, R.D.P. Floral's counsel was aware that the corporate representative, Juan Pablo Ramirez, claimed to be unable to travel to the mediation due to a medical condition.  R.D.P. Floral's counsel concedes that he should have notified the Court of Ramirez's unavailability to attend the mediation, but that he did not do so (DE # 64 at 1, para. 6).

The undersigned finds that R.D.P. Floral should be sanctioned for failing to have a corporate representative personally appear at the mediation, without obtaining the Court's approval for this failure.  There was no reason for R.D.P. Floral not to move to excuse Ramirez's personal attendance at the mediation, as Ramirez had consulted doctors about the condition a month before the mediation.  The August 5, 2008 affidavit

of Juan Pablo Ramirez stated, in pertinent part, that the onset of his medical condition was "beginning June - mid-July"; and that he had consulted two doctors about this condition, beginning in mid-June 2008, including Dr. Pablo Nankin, who wrote the July 15, 2008 letter which stated that Ramirez definitely could not personally attend the mediation.  Moreover, the documentation provided by R.D.P. Floral is sketchy and somewhat contradictory, and does not fully support Ramirez's inability to personally appear at the mediation.  In any event, R.D.P. Floral could still have moved on July 16, 2008 to excuse Ramirez's personal attendance at the July 18, 2008 mediation, but inexplicably failed to do so.

Therefore, Falcon Farms is awarded monetary sanctions against R.D.P. Floral, pursuant to Fed.R.Civ.P. 37(b)(2) and Local Rule 16.2 E., for the reasonable expenses, including attorney's fees and the cost of mediation, caused by the failure of R.D.P. Floral to have a representative with settlement authority personally appear at the July 18, 2008 mediation.

Falcon Farms' request for a further sanction, either dismissing R.D.P. Floral's Counterclaim or entering a default against R.D.P. Floral on Falcon Farms' claims, is denied.  While Ramirez did not personally attend the mediation, he apparently participated in the mediation by telephone, and the mediation was unsuccessful.  Because of this fact, the undersigned finds that it would be unjust to grant the extreme sanctions requested by Falcon Farms.

Therefore, after a careful review of the record, it is hereby

**ORDERED AND ADJUDGED** that Falcon Farms' Motion For Sanctions For Defendant's Failure To Personally Appear At Mediation (DE  # 62), is **GRANTED in part**.

**Falcon Farms is awarded monetary sanctions against R.D.P. Floral, pursuant to Fed.R.Civ.P. 37(b)(2) and Local Rule 16.2 E., for the reasonable expenses, including attorney's fees and the cost of mediation, caused by the failure of R.D.P. Floral to have a representative with settlement authority personally appear at the July 18, 2008 mediation.  On or before August 21, 2008, the parties shall consult to attempt to agree on the amount of the monetary award.  If the parties cannot agree, on or before August 25, 2008, Falcon Farms shall file a motion to establish the amount of the award.**

**DONE AND ORDERED** in chambers in Miami, Florida on August 14, 2008.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished to:**
**The Honorable Ursula Ungaro**
**United States District Judge**
**All counsel of record**