**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 07-23077-CIV-UNGARO/SIMONTON**

FALCON FARMS, INC.,

      **Plaintiff,**

**v.**

R.D.P. FLORAL, INC.,

      **Defendant.**

_____/

<u>**REPORT AND RECOMMENDATION RE:
PLAINTIFF'S MOTION FOR SANCTIONS**</u>

Presently pending before the Court is Plaintiff Falcon Farms, Inc's (hereafter Falcon Farms), Motion for Sanctions for Defendant R.D.P. Floral's (hereafter R.D.P. Floral), Failure To Appear For Court Ordered Depositions (DE # 74). This motion is referred to the undersigned Magistrate Judge (DE # 76). The motion is fully briefed (DE ## 78, 79). Following a careful review of the record as a whole, it is hereby recommended that: 1) Falcon Farms' Motion be granted; 2) R.D.P. Floral's Answer be stricken and default judgment as to liability be entered against R.D.P. Floral on Plaintiff's Amended Complaint; and 3) R.D.P. Floral's Amended Counterclaim be dismissed.

    **I. <u>Background</u>**

Falcon Farms is proceeding under a three-count Amended Complaint, in which Falcon Farms alleges that it is a business which grows and sells fresh flowers, and that R.D.P. Floral operates a wholesale floral distribution center. Falcon Farms further alleges that between April 19, 2004 and May 23, 2005, R.D.P. Floral placed orders with Falcon Farms for fresh flowers, Falcon Farms accepted the orders and delivered the flowers, and R.D.P. Floral accepted delivery of the shipments and refused to pay for

them, in the amount of $183,784.47.  The Amended Complaint alleges open account (Count I), account stated (Count II) and goods sold and delivered (Count III), and Falcon Farms seeks $183,784.47 in damages, $88,303.28 in interest through November 19, 2007, and attorney's fees, pursuant to the terms of the invoices (DE # 19).

R.D.P. Floral has filed an Amended Counterclaim in which it states that Falcon Farms knew that R.D.P. Floral intended to distribute the flowers shipped from Falcon Farms to retailers and wholesalers in California, and that the flowers which Falcon Farms delivered to it were in less than satisfactory condition and were not fit for resale to retailers and wholesalers.  R.D.P. Floral stated that it notified Falcon Farms of these defects on various occasions.  R.D.P. Floral further alleges that Falcon Farms breached its implied warranty of fitness by shipping defective flowers.  R.D.P. Floral seeks damages of more than $75,000.00 for foreseeable loss of business, plus court costs and interest (DE ## 13, 25).

The District Court set the discovery deadline in this case for July 11, 2008, and the deadline for filing all motions other than motions in limine was August 15, 2008.  The pretrial conference is set for September 19, 2008, there is a calendar call on October 8, 2008, and trial is set for the two week period beginning October 13, 2008 (DE # 15).

On June 26, 2008, Falcon Farms served on R.D.P. Floral deposition notices, pursuant to Rule 30(b)(6), for Juan Pablo Ramirez (July 9, 2008), Diego Ramirez (July 9, 2008) and Paul Serani (July 10, 2008).  On July 7, 2008, R.D.P. Floral's counsel both sent an email to Falcon Farms' counsel stating that the deponents would not attend the scheduled depositions, and notified Falcon Farms' counsel by telephone that R.D.P. Floral's counsel's heavy case load and the distance that the deponents would have to travel made it impossible for the depositions to go forward.  On July 9, 2008 and July 10,

2008, the deponents failed to appear for their noticed depositions.

Plaintiff subsequently filed a Motion For Sanctions For Defendant's Failure To Appear For Depositions (DE # 56).  On July 31, 2008, the undersigned granted in part Plaintiff's motion for sanctions, ordering, *inter alia*, that on or before August 15, 2008, R.D.P. Floral had to produce Juan Pablo Ramirez and Paul Serani for deposition in Miami, Florida, as corporate representatives, at a date and time set by counsel for Falcon Farms.  The undersigned further ruled that if R.D.P. Floral failed to produce Ramirez and/or Serani in Miami for deposition, Falcon Farms could make a further motion for sanctions, which would be ruled upon expeditiously (DE # 67).

On August 4, 2008, Falcon Farms noticed the deposition of Paul Serani and the deposition of Juan Pablo Ramirez, as the corporate representative of R.D.P. Floral, in Miami on August 13, 2008 (DE # 68).

On August 12, 2008, R.D.P. Floral filed a motion for protective order asking that the August 13, 2008 deposition of Serani be canceled and that the August 13, 2008 deposition of Juan Pablo Ramirez, as the corporate representative of R.D.P. Floral, be rescheduled until after August 21, 2008 because Ramirez would be in Europe (DE # 71). On August 12, 2008, the undersigned denied R.D.P. Floral's motion for protective order, because it: 1) did not contain the required certificate of consultation; 2) was untimely; 3) was without sufficient factual support; and 4) was contradicted by factual assertions which R.D.P. Floral had made in previous filings (DE # 72).

The instant motion followed.

3

## II. Legal Framework for Analysis

### A. Sanctions for Failure to Comply with a Court Order

Pursuant to the Federal Rules of Civil Procedure, a party that "fails to obey an order to provide or permit discovery" is subject to a further order imposing sanctions which may include "striking pleadings in whole or in part" or "rendering a default judgment against the disobedient party."  Fed.R.Civ.P. 37(b).  In order to impose the extreme sanction of a default judgment under Rule 37(b), the Court must find "(1) that the party exhibited a willful or bad faith failure to obey a discovery order; (2) that the moving party was prejudiced by that violation; and (3) that a lesser sanction would fail to punish the violation adequately and would not ensure future compliance with court orders."  *Immuno Vital, Inc. v. Telemundo Group, Inc.*, 203 F.R.D. 561, 571 (S.D. Fla. 2001) (citing, *inter alia*, *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993)).

### B. Sanctions for a Party's Failure to Attend Deposition

The gamut of sanctions available under Rule 37(b) – including the striking of pleadings and the entry of a default judgment – are also at the Court's disposal to be imposed against a party who violates Rule 37(d) by "fail[ing], after being served with proper notice, to appear for that person's deposition."  *See also Diaz v. S. Drilling Corp.*, 427 F.2d 1118, 1126-27 (5th Cir. 1970) (affirming imposition of default judgment as a sanction under Rule 37(d) based upon a party's willful failure to attend three properly noticed depositions).  The Eleventh Circuit Court of Appeals has indicated that the same findings required to impose a default judgment as a sanction under Rule 37(b) – namely, willful or bad faith noncompliance; prejudice to the opposing party; and no adequate, available lesser sanction – must also be present before a default judgment may be imposed as a sanction under Rule 37(d).  *See United States v. Certain Real Property*

4

*Located at Route 1, Bryant, Alabama*, 126 F.3d 1314, 1317-18 (11th Cir. 1997).

III. <u>Analysis</u>

As set forth herein, Defendant R.D.P. Floral has persistently neglected its discovery obligations and has ignored this Court's Orders.  Based upon R.D.P. Floral's bad faith discovery misconduct, which has prejudiced Falcon Farms and cannot be adequately punished or deterred through the imposition of lesser sanctions, it is recommended that R.D.P. Floral's Answer to Falcon Farms' Amended Complaint be stricken and a default judgment as to liability shall be entered against R.D.P. Floral as a sanction.  It is further recommended that R.D.P. Floral's Amended Counterclaim be dismissed.

The District Court has set the discovery deadline in this case for July 11, 2008, and the deadline for filing all motions other than motions in limine was August 15, 2008.  The pretrial conference is set for September 19, 2008, there is a calendar call on October 8, 2008, and trial is set for the two week period beginning October 13, 2008 (DE # 15).

On June 26, 2008, Falcon Farms served on R.D.P. Floral deposition notices, pursuant to Rule 30(b)(6), for Juan Pablo Ramirez (July 9, 2008), Diego Ramirez (July 9, 2008) and Paul Serani (July 10, 2008).  On July 7, 2008, R.D.P. Floral's counsel both sent an email to Falcon Farms' counsel stating that the deponents would not attend the scheduled depositions, and notified Falcon Farms' counsel by telephone that the depositions would not go forward.  On July 9, 2008 and July 10, 2008, the deponents failed to appear for their noticed depositions.  R.D.P. Floral never filed a motion for protective order or provided alternative dates within the discovery period for the depositions.

Plaintiff subsequently filed a Motion For Sanctions For Defendant's Failure To

5

Appear For Depositions (DE # 56).  On July 31, 2008, the undersigned granted the motion in part, ordering, *inter alia*, that on or before August 15, 2008, R.D.P. Floral had to produce Juan Pablo Ramirez and Paul Serani for deposition in Miami, Florida, as corporate representatives, at a date and time set by counsel for Falcon Farms.  The undersigned further ruled that if R.D.P. Floral failed to produce Ramirez and/or Serani in Miami for deposition, Falcon Farms could make a further motion for sanctions, which would be ruled upon expeditiously (DE # 67).

On August 4, 2008, Falcon Farms noticed the deposition of Paul Serani and of Juan Pablo Ramirez, as the corporate representative of R.D.P. Floral, in Miami on August 13, 2008 (DE # 68).  On August 12, 2008, R.D.P. Floral filed a motion for protective order asking that the deposition of Serani be canceled and that the deposition of Juan Pablo Ramirez, as the corporate representative of R.D.P. Floral, be rescheduled until after August 21, 2008 because Ramirez would be in Europe (DE # 71)  On August 12, 2008, the undersigned denied R.D.P. Floral's motion for protective order, because it: 1) did not contain the required certificate of consultation; 2) was untimely; 3) was without sufficient factual support; and 4) was contradicted by factual assertions which R.D.P. Floral had made in previous filings (DE # 72).

Furthermore, R.D.P. Floral has acted in bad faith continuously during this action. R.D.P. Floral has both delayed and totally refused to comply with the discovery process. Only after Falcon Farms had filed two motions to compel to obtain adequate responses to its discovery requests, did R.D.P. Floral provide better responses (DE ## 35, 36, 45). R.D.P. Floral's actions delayed discovery by more than two months.

The undersigned has previously found that R.D.P. Floral both failed to cooperate in scheduling the depositions of its corporate representatives before the July 11, 2008

6

discovery deadline, and did not provide a reasonable explanation for its failure (DE # 67).

Furthermore, the undersigned has found that R.D.P. Floral improperly failed to personally appear at the court-ordered mediation, did not request the Court's permission for this failure to attend, and failed to provide a sufficient affidavit or supporting documentation to justify its failure to appear and its failure to timely notify either the Court or Falcon Farms of Juan Pablo Ramirez's alleged medical condition (DE # 75).

R.D.P. Floral's response to the instant motion states that the motion should not be granted because in one of the orders relied upon by Falcon Farms in its motion, *Allstate v. Palterovich*, 2008 WL 2741119, Case No. 04-21402-CIV/SIMONTON (S.D. Fla. Jul, 12, 2008), the recalcitrant defendant had failed to appear at five separately scheduled depositions over a two year period in addition to failing to comply with Court orders, and not attempting to explain his behavior.  This is not R.D.P. Floral's best argument.  As previously stated, R.D.P. Floral failed to appear for two separately scheduled depositions, failed to comply with a Court order that it appear for deposition by August 15, 2008, did not cooperate with attempts to set the depositions at issue during the discovery period, and generally did not cooperate at all in the discovery process.  R.D.P. Floral's behavior during discovery, as stated in this Order,  is sufficient to demonstrate bad faith and wilfulness.

Furthermore, R.D.P. Floral has given no explanation for its failures to cooperate in the discovery process and specifically for its failure to have its corporate representatives appear for discovery, but relies on its "attempts to explain to the Court its difficulties during the discovery process, while not justified, are enough for this Court to conclude that the misconduct was not carried out in bad faith" (DE # 78).  Again, as this Court has previously stated in orders ruling on other discovery motions, the reasons which R.D.P.

7

Floral provided in those prior motions to excuse its defalcations during the discovery process were insufficient and, in some case, unbelievable.

Thus, based upon R.D.P. Floral's refusal to produce its corporate representatives for deposition during the entire discovery period and beyond, and R.D.P. Floral's violation of this Court's Order requiring it to produce Juan Pablo Ramirez and Paul Serani for deposition in Miami, Florida, as corporate representatives, on or before August 15, 2008, at a date and time set by counsel for Falcon Farms, R.D.P. Floral should be sanctioned by having its Amended Counterclaim dismissed and its defenses to the Amended Complaint struck, and by having a default judgment as to liability entered in favor of Falcon Farms as to the Amended Complaint and the Amended Counterclaim.

IV.  **R.D.P. Floral's Defenses To The Amended Complaint Should Be Struck and Its Amended Counterclaim Dismissed, and a Default Judgment As To Liability Should Be Entered Against R.D.P. Floral**

R.D.P. Floral's repeated failure to provide corporate representatives for deposition provide two independent grounds for sanctions based on the same underlying conduct.  First, the non-appearances for the Rule 30(b)(6) depositions on July 9 and 10, 2008 and August 13, 2008 – which were properly noticed by Falcon Farms- are sanctionable under Rule 37(d) in their own right.  Second, the failure of R.D.P. Floral to have Juan Pablo Ramirez and Serani attend their depositions on August 13, 2008 is sanctionable under Rule 37(b), because R.D.P. Floral violated this Court's Order to appear at those depositions.  The combination of these acts within the context of R.D.P. Floral's conduct in the context of this case as a whole warrant the imposition of sanctions in the form of a default judgment.

A. <u>R.D.P. Floral Has Displayed Willful, Bad Faith Misconduct</u>

As previously stated, the undersigned finds that R.D.P. Floral's failure to attend numerous scheduled depositions was not an innocent oversight, but rather was part of a pattern of willful and bad faith disobedience of a Court Order as well as of R.D.P. Floral's discovery obligations.  This suggests that there is no good-faith explanation for R.D.P. Floral's failure to comply with the Order requiring that it provide corporate representatives for properly noticed depositions.

Second, the frequency with which R.D.P. Floral has shirked its obligation to provide its corporate representatives to appear at their depositions militates against a finding of good faith.  In this regard, the undersigned adds that this is not a case where R.D.P. Floral missed depositions that Falcon Farms strategically and unilaterally noticed at inconvenient times or on short notice; rather, Falcon Farms and the undersigned made every reasonable effort to accommodate the deponents, as their depositions were delayed from May 2008, through July 2008 and the end of the discovery period, and then to August 2008.  *See Reed v. Fulton County Gov't*, 170 Fed. Appx. 674, 675-76 (11th Cir. 2006) (affirming dismissal after finding that a party's failure to attend his deposition "[d]espite numerous attempts by" the opposing party "to schedule a deposition, and the court's order compelling his attendance . . . demonstrates [his] willful disregard for the court's order"); *Shawmut Boston Int'l Banking Corp. v. Duque-Pena*, 767 F.2d 1504, 1507 (11th Cir. 1985) (affirming default judgment against defendant for failing to appear at numerous depositions because "his flouting of the district court's authority and [the plaintiff's] right to depose him furnished adequate proof that he acted willfully"); *Mishkin v. Jeannine Gurian Trust No. One*, No. 06-80489-CIV-RYSKAMP/VITUNAC, 2008 U.S. Dist. LEXIS 20038, at *9-11 (S.D. Fla. Mar. 12, 2008) (imposing default judgment as a sanction

9

for a party's failure to comply with Court Orders and failing provide a credible reason to explain her non-appearance at her deposition).

**B.**  **There Has Been Prejudice to Falcon Farms**

In this case, the prejudice to Falcon Farms as a result of R.D.P. Floral's refusal to provide corporate representatives for deposition is clear.  After months of  rescheduling R.D.P. Floral's deposition dates to suit ever changing excuses, Falcon Farms faces a trial that is expected to begin in approximately four weeks without the benefit of the deposition testimony which R.D.P. Floral was required to provide, and which Falcon Farms is entitled to have.  The discovery and dispositive motions deadlines in this case have long passed.  Considering the fact that R.D.P. Floral has ignored since May 2008 Falcon Farms' efforts to depose the corporate representatives, and that R.D.P. Floral has demonstrated its willingness to ignore the Court's Order, it seems unlikely that Falcon Farms will ever obtain this testimony, and the record strongly suggests that this may have been R.D.P. Floral's plan all along.

In sum, Falcon Farms has been prejudiced by R.D.P. Floral's breach of its discovery obligations and this Court's Order because the discovery and dispositive motions deadlines have passed; and, as the trial date approaches, it is becoming apparent that R.D.P. Floral does not appear to be willing to submit to deposition at all.

**C.**  **There Is No Alternative, Available, Less Severe Sanction**

A lesser sanction than a default judgment would fail to adequately punish R.D.P. Floral, ensure its future compliance with court orders, and deter others from committing similar acts of misconduct.  First, there is no reason to believe that R.D.P. Floral will adapt its behavior in accordance with a future Court Order because it has already failed to comply with this Court's Order requiring its corporate representative appear for

depositions by August 15, 2008, in which the undersigned warned that failure to produce Juan Pablo Ramirez and/or Paul Serani in Miami for deposition would enable Falcon Farms to file a renewed motion for sanctions which would be ruled on expeditiously.

If the express threat of the extreme sanction of a renewed motion for sanctions, which would be ruled upon expeditiously, was not enough to convince R.D.P. Floral to obey a Court Order and accept its responsibility to participate in discovery, it is doubtful that lesser sanctions would be any more effective.  In the context of this case as a whole, R.D.P. Floral has failed to take advantage of any one of numerous opportunities to correct – or at least to explain – its improper behavior over the entire discovery period and beyond.  It is not the responsibility of Falcon Farms or this Court to drag R.D.P. Floral "kicking and screaming[,] through discovery."  *Carlucci v. Piper Aircraft Corp.*, 102 F.R.D. 472, 489 (S.D. Fla. 1984).

Therefore, for the reasons stated above, it is, accordingly,

**RECOMMENDED** that Plaintiff's Motion for Sanctions for Defendant's Failure To Appear For Court Ordered Depositions (DE # 74), be **GRANTED** as follows:

1.  The Answer filed by Defendant R.D.P. Floral should be stricken and default judgment as to liability should be entered in favor of Falcon Farms, Inc. and against R.D.P. Floral, Inc..

2.  R.D.P. Floral's Counterclaim should be dismissed.

Pursuant to S. D. Fla. Magistrate Judge Rule 4(b), the parties shall have ten days from the service of this Report and Recommendation to file written objections to this Report and Recommendation.  Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein.  *RTC v. Hallmark Builders,*

*Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988).

**DONE AND SUBMITTED** in chambers in Miami, Florida on September 11, 2008.

ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Ursula Ungaro
        United States District Judge
All counsel of record via CM/ECF

12